**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

RACHEL LORENZO,

     Plaintiff

        v.                                                    Case No. _____

SHARKNINJA MANAGEMENT LLC
and SHARKNINJA OPERATING LLC,

     Defendants

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants SharkNinja Management LLC and SharkNinja Operating LLC (the "Defendants") remove this products-liability action filed on August 2, 2022, from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida to this Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

**GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

The grounds for removal based on diversity jurisdiction are met. As to the complete-diversity requirement, Plaintiff Rachel Lorenzo is a citizen of Florida, *see* Plaintiff's First Amended Complaint at ¶ 2 (attached as **Ex. B**), and neither Defendant is a citizen of Florida. SharkNinja Management LLC is a Delaware limited liability company with its principal place of business in Massachusetts, wholly owned by its sole member, SharkNinja Operating LLC. SharkNinja Operating LLC is a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global

Appliance LLC, a Delaware limited liability company with its principal place of business in

Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized

under the laws of the United Kingdom with its principal place of business located in England.

As to the amount-in-controversy requirement, Plaintiff's October 16, 2020, demand letter

sought $1,000,000—well in excess of $75,000.  Plaintiff's $1,000,000.00 demand was based, in

part, on Plaintiff's medical bills of $51,202.50 (which are totaled up in the demand letter, and

attached thereto), relating to her claim that SharkNinja's defective blender caused her "serious

injuries" when the blade fell out and lacerated her right foot, requiring surgery for a "ruptured

tendon" (shown in photos attached to the demand letter).[1]

> As you can tell from the enclosed Ms. Lorenzo suffered serious injuries as result on your
> insured's negligence. Accordingly, at this time, we respectfully request that you kindly tender
> a draft for $1,000,000.00 to this office within twenty (20) days of this letter.  Accordingly,

Plaintiff's October 16, 2020, Timed Demand Letter.

Plaintiff's First Amended Complaint also includes damages for pain and suffering, disfigurement,

mental anguish, loss of capacity or the enjoyment of life, the expense of hospitalization, medical

and nursing care treatment, rehabilitative expenses, and inconvenience. *See* First Amended

Complaint, ¶ 108. Plaintiff also seeks demands court costs. *Id.*  On these facts, the amount-in-

controversy requirement is satisfied. *See Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251,

1254-55 (S.D. Fla. 2015) (noting that district courts may consider demand letter "when

determining whether the amount in controversy requirement is satisfied"); *Kilmer v. Stryker Corp.*,

No. 5:14-CV-456-OC-34PRL, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (holding that

pre-suit demand letter, which specified past medical expenses combined with claims for permanent

---

[1] After making the $1,000,000.00 demand, Plaintiff's counsel subsequently lowered the demand
to $900,000.00 and then again to $450,000.00—and then Plaintiff filed this lawsuit.

injury, pain and suffering, and past and future economic loss, was sufficient evidence that the amount-in-controversy requirement was met); *Floyd v. Wal Mart Stores East LP,* No. 3:12-cv-336/RS-CJK, 2012 WL 3155784 (N.D. Fla. Aug. 3, 2012) (holding that it is acceptable to disclose a confidential settlement demand when determining whether the amount-in-controversy requirement has been satisfied).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

The procedural requirements for removal are also met. This Court is the proper venue for an action removed from Miami-Dade County. This Notice of Removal is timely because it was filed within 30 days of September 6, 2022, the date SharkNinja Management LLC was served with Plaintiff's Original Complaint, which is the first paper from which it could be ascertained that this case is removable.[2]

After filing this notice of removal, Defendants will promptly give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of Miami-Dade County's Eleventh Judicial Circuit Court, pursuant to 28 U.S.C. § 1446(d) and the Local Rules of this Court, Defendants have attached the following exhibits, which include a legible copy of each paper docketed in the state court:

- Plaintiff's Complaint (**Ex. A**)

- Plaintiff's First Amended Complaint (**Ex. B**)

- Civil Cover Sheet (**Ex. C**)

- Index of all papers docketed in the state court action (**Ex. D**)

---

[2] Plaintiff added Defendant SharkNinja Operating LLC to this action in its First Amended Complaint, filed on September 8, 2022. SharkNinja Operating LLC joins SharkNinja Management LLC in this Notice of Removal.

- Copies of all papers docketed in the state court action (**Ex. E**)

In accordance with Local Rule 7.2, Defendants assert that there are no pending motions previously filed in this action.

WHEREFORE, Defendants SharkNinja Management LLC and SharkNinja Operating LLC, respectfully request this Court to assume jurisdiction of the above-styled action now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

<u>Dated</u>: September 26, 2022.                    Respectfully submitted,

<u>/s/ *Scott D. Kaiser*</u>
Scott D. Kaiser
Florida Bar No. 95208
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
(816) 474-6550
skaiser@shb.com

***Counsel for Defendants***
***SharkNinja Management LLC***
***and SharkNinja Operating LLC***

4

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 26th day of September, 2022, electronically filed the

foregoing with the Clerk of Court for the United States District Court, Southern District of Florida,

by using the CM/ECF system and served the following parties by electronic mail:

Matthias M. Hayashi
Spencer M. Aronfeld
Abby H. Ivey
ARONFELD TRIAL LAWYERS
One Alhambra Plaza Penthouse
Coral Gables, Florida 33134
mhayashi@aronfeld.com
aronfeld@aronfeld.com
aivey@aronfeld.com
*Attorneys for Plaintiff*


*/s/ Scott D. Kaiser*
*Counsel for Defendants*
*SharkNinja Management LLC*
*and SharkNinja Operating LLC*

5

# EXHIBIT A

IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

GENERAL JURISDICTION DIVISION

RACHEL LORENZO,

      Plaintiff,

v.

SHARKNINJA MANAGEMENT LLC,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, RACHEL LORENZO (hereinafter "LORENZO"), through undersigned counsel, sues Defendant, SHARKNINJA MANAGEMENT LLC, (hereinafter "SHARKNINJA"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1.    LORENZO seeks damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees.

2.    LORENZO was and is at all times a citizen and resident of Miami-Dade County, Florida.

3.    LORENZO sustained serious and permanent injuries in an incident which occurred on November 3, 2019 in Miami-Dade County, Florida.

4.    SHARKNINJA was at all times material a foreign corporation authorized to do business and doing business in the state of Florida, engaged in the business of designing, testing, fabricating,

manufacturing, assembling, producing, distributing and selling home kitchen appliances, including the Ninja Master blender model QB900B (hereinafter the "subject blender").

5.     At all times material, the subject blender was in substantially the same condition as when it left the respective manufacturer's and consumer seller's possession, and there were no changes made to the subject blender between the time it left SHARKNINJA' possession and the time of the subject incident.

6.     On November 3, 2019, LORENZO was operating the subject blender when it suddenly and unexpectedly disgorged its blade, which sliced through her right foot, toes, and/or tendons. Furthermore, the subject blender had no support to hold the blade.

7.     The defects inherent in the subject blender were not reasonably discoverable by LORENZO and were unknown to her at the time and place of the incident.

8.     As a result, LORENZO sustained serious and permanent injuries.

<u>COUNT I</u>
<u>STRICT LIABILITY CLAIM AGAINST SHARKNINJA</u>

9.     LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

10.     The subject blender was defective and unreasonably dangerous by virtue of its condition and the failure to warn of known and foreseeable risks, insofar as it was subject to disgorgement of its sharp and dangerous blade suddenly and unexpectedly in the course of foreseeable use, and insofar as the subject blender had no support to hold the blade

11.     The subject defect existed at the time it left the possession and control of SHARKNINJA, and, at the time it came into the possession of LORENZO.

12.    The subject blender had not been altered and/or damaged prior to the time of the incident described herein and was in substantially the same condition at the time of the incident described as at the time it was manufactured and sold by SHARKNINJA and placed in the stream of commerce.

13.    At all relevant times, SHARKNINJA was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing blenders and did design, manufacture, inspect, test, distribute, sell and/or market the subject blender.

14.    The subject blender failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

15.    The subject blender had not been misused post-sale before it failed.

16.    The subject blender was within its anticipated useful life when it failed.

17.    The subject blender's failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

18.    Specifically, the subject blender was unreasonably dangerous and/or defective in that:

        a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

        b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

19.    As a direct and proximate result of the defective and unreasonably dangerous conditions of the subject blender, it suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

20.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject blender and the resulting incident as described, LORENZO suffered bodily injury and

resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT II**</u>
<u>**NEGLGIENCE CLAIM AGAINST SHARKNINJA**</u>

21.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

22.   At all times material SHARKNINJA had a duty to LORENZO to exercise reasonable care in the design, testing and manufacture of the subject blender as described in the incident above.

23.   SHARKNINJA knew, or in the existence of ordinary care, should have known, that the subject blender was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. For example, SHARKNINJA has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. See Wallace et al. v. Sharkninja Operating LLC, Case 5:18-cv-05221-BLF; see also Warner v. Sharkninja Operating LLC, Case 3:22-cv-00310-JCS; see also Mawla, et al. v. Sharkninja Operating, LLC, Case 3:21-cv-05202-JD; see also Moberly v. Sharkninja Operating LLC, et al., Case 2:22-cv-14259-AMC; see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al., Case 1:20-cv-22907-CMA.

24.    Alternatively, SHARKNINJA knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the subject blender such that the type of incident and resulting injuries and damages as described herein would have been prevented.

25.    Alternatively, SHARKNINJA had actual or constructive knowledge of the means of designing a blender that would not be inadequate and dangerous, and notwithstanding this knowledge, SHARKNINJA failed to adequately design, equip and/or manufacture the subject blender.

26.    Alternatively, SHARKNINJA negligently failed to give adequate warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

27.    Alternatively, SHARKNINJA failed to adequately design, manufacture, test, inspect, market and/or sell the subject blender, and/or failed to include a reasonable and safer alternative to the subject defective condition.

28.    Alternatively, SHARKNINJA failed to adequately monitor consumer injury and damage reports associated with the subject blender, and/or failed to include a reasonable and safer alternatives to the subject defective condition.

29.    As a direct and proximate result of SHARKNINJA's negligence, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

30.    As a direct and proximate result of SHARKNINJA's negligence, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT III</u>
<u>BREACH OF EXPRESS WARRANTY AGAINST SHARKNINJA</u>

31.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

32.    SHARKNINJA designed, manufactured, assembled, distributed, inspected, tested and/or sold the subject blender.

33.    SHARKNINJA expressly warranted that the subject blender was safe for ordinary use when used in compliance with the instructions provided, which LORENZO followed.

34.    SHARKNINJA's affirmations regarding the safety of its product formed a basis of the bargain for LORENZO without which LORENZO would not have purchased and/or used the subject blender.

35.    The subject blender did not conform to SHARKNINJA's affirmations regarding safety.

36.    As a direct and proximate result of SHARKNINJA's breach of express warranties, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

37.    As a direct and proximate result of SHARKNINJA's breach of express warranties, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**ARONFELD TRIAL LAWYERS**
Aronfeld.com
**Page 6 of 11**

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT IV</u>
<u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST
SHARKNINJA</u>

38.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

39.    SHARKNINJA at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

40.    SHARKNINJA impliedly warranted that the subject blender was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to SHARKNINJA's own affirmations regarding the subject blender's safety features and overall safe condition.

41.    SHARKNINJA breached their implied warranty of merchantability, as the product did not conform to SHARKNINJA's affirmations regarding the safety features and overall safe condition of the subject blender, the subject blender was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

42.    As a direct and proximate result of SHARKNINJA's breach of the implied warranty of merchantability, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

43.    As a direct and proximate result of SHARKNINJA's breach of the implied warranty of merchantability, LORENZO suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT V</u>
**<u>BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR
PURPOSE AGAINST SHARKNINJA</u>**

44.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

45.   SHARKNINJA designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

46.   In selling the subject blender to LORENZO, SHARKNINJA, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which LORENZO would put the subject blender to use and knew or should have known of the particular purpose to which LORENZO would put the product to use. SHARKNINJA impliedly warranted that the product would be fit for such particular purpose.

47.   SHARKNINJA breached its implied warranty of fitness for a particular purpose, as the subject blender did not conform to SHARKNINJA's affirmations regarding its product being fit for

such particular purpose. The subject blender's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

48.   As a direct and proximate result of SHARKNINJA's breach of the implied warranty of fitness for a particular purpose, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

49.   As a direct and proximate result of SHARKNINJA's breach of the implied warranty of fitness for a particular purpose, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## COUNT VI
## FAILURE TO WARN AGAINST SHARKNINJA

50.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

51.   SHARKNINJA designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

52.   On or about November 3, 2019, LORENZO used the subject blender in the manner intended and/or foreseeably intended, when the subject blender failed and/or otherwise caused injury to LORENZO.

53.   The subject blender was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was otherwise inherently and/or unreasonably dangerous.

54.   SHARKNINJA knew or should have known of the dangerous nature of the subject blender by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the subject blender. For example, SHARKNINJA has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. See Wallace et al. v. Sharkninja Operating LLC, Case 5:18-cv-05221-BLF; see also Warner v. Sharkninja Operating LLC, Case 3:22-cv-00310-JCS; see also Mawla, et al. v. Sharkninja Operating, LLC, Case 3:21-cv-05202-JD; see also Moberly v. Sharkninja Operating LLC, et al., Case 2:22-cv-14259-AMC; see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al., Case 1:20-cv-22907-CMA.

55.   SHARKNINJA had a duty to provide reasonable warnings of dangers involved in the use of the subject blender, and failed to provide the public, including LORENZO, notice of the danger involved.

56.   As a direct and proximate result of SHARKNINJA's failure to warn of the dangers of the subject blender, LORENZO was unable to protect herself or otherwise avoid injury when her incident occurred.

57.   As a direct and proximate result of the foregoing, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment,

rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff, RACHEL LORENZO, demands trial by jury on all issues so triable.

**Dated:** August 2, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Riana S. Maryanoff, Esq.**
Florida Bar No.: 1024768
rmaryanoff@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for Plaintiff***

# EXHIBIT B

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2022-014612-CA-01

GENERAL JURISDICTION DIVISION

RACHEL LORENZO,

       Plaintiff,

v.

SHARKNINJA MANAGEMENT LLC.,
and SHARKNINJA OPERATING LLC,

       Defendants,

_____/

## FIRST AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, RACHEL LORENZO (hereinafter "LORENZO"), through undersigned counsel,

sues Defendants, SHARKNINJA MANAGEMENT LLC, and Defendants, SHARKNINJA

OPERATING LLC, demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1.    LORENZO seeks damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest, costs, and attorneys' fees.

2.    LORENZO was and is at all times a citizen and resident of Miami-Dade County,

Florida.

3.    LORENZO sustained serious and permanent injuries in an incident which occurred

on November 3, 2019 in Miami-Dade County, Florida.

4.    SHARKNINJA MANAGEMENT LLC was at all times material a foreign corporation

authorized to do business and doing business in the state of Florida, engaged in the business of

designing, testing, fabricating, manufacturing, assembling, producing, distributing and selling home kitchen appliances, including the Ninja Master blender model QB900B (hereinafter the "subject blender").

5.      SHARKNINJA OPERATING LLC was at all times material a foreign corporation authorized to do business and doing business in the state of Florida, engaged in the business of designing, testing, fabricating, manufacturing, assembling, producing, distributing and selling home kitchen appliances, including the Ninja Master blender model QB900B (hereinafter the "subject blender").

6.      At all times material, the subject blender was in substantially the same condition as when it left the respective manufacturer's and consumer seller's possession, and there were no changes made to the subject blender between the time it left SHARKNINJA MANAGEMENT LLC's possession and the time of the subject incident.

7.      At all times material, the subject blender was in substantially the same condition as when it left the respective manufacturer's and consumer seller's possession, and there were no changes made to the subject blender between the time it left SHARKNINJA OPERATING LLC's possession and the time of the subject incident.

8.      On November 3, 2019, LORENZO was operating the subject blender when it suddenly and unexpectedly disgorged its blade, which sliced through her right foot, toes, and/or tendons. Furthermore, the subject blender had no support to hold the blade.

9.      The defects inherent in the subject blender were not reasonably discoverable by LORENZO and were unknown to her at the time and place of the incident.

10.     As a result, LORENZO sustained serious and permanent injuries.

**COUNT I**
**STRICT LIABILITY CLAIM AGAINST SHARKNINJA MANAGEMENT LLC**

**ARONFELD TRIAL LAWYERS**

11.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

12.    The subject blender was defective and unreasonably dangerous by virtue of its condition and the failure to warn of known and foreseeable risks, insofar as it was subject to disgorgement of its sharp and dangerous blade suddenly and unexpectedly in the course of foreseeable use, and insofar as the subject blender had no support to hold the blade.

13.    The subject defect existed at the time it left the possession and control of SHARKNINJA MANAGEMENT LLC, and, at the time it came into the possession of LORENZO.

14.    The subject blender had not been altered and/or damaged prior to the time of the incident described herein and was in substantially the same condition at the time of the incident described as at the time it was manufactured and sold by SHARKNINJA MANAGEMENT LLC and placed in the stream of commerce.

15.    At all relevant times, SHARKNINJA MANAGEMENT LLC was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing blenders and did design, manufacture, inspect, test, distribute, sell and/or market the subject blender.

16.    The subject blender failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

17.    The subject blender had not been misused post-sale before it failed.

18.    The subject blender was within its anticipated useful life when it failed.

19.    The subject blender's failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

20.    Specifically, the subject blender was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

21.    As a direct and proximate result of the defective and unreasonably dangerous conditions of the subject blender, it suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

22.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject blender and the resulting incident as described, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT II**</u>
<u>**NEGLGIENCE CLAIM AGAINST SHARKNINJA MANAGEMENT LLC**</u>

23.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

24.    At all times material SHARKNINJA MANAGEMENT LLC had a duty to LORENZO to exercise reasonable care in the design, testing and manufacture of the subject blender as described in the incident above.

25.    SHARKNINJA MANAGEMENT LLC knew, or in the existence of ordinary care, should have known, that the subject blender was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. For example, SHARKNINJA MANAGEMENT LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al*., Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al*., Case 1:20-cv-22907-CMA.

26.    Alternatively, SHARKNINJA MANAGEMENT LLC knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the subject blender such that the type of incident and resulting injuries and damages as described herein would have been prevented.

27.    Alternatively, SHARKNINJA MANAGEMENT LLC had actual or constructive knowledge of the means of designing a blender that would not be inadequate and dangerous, and notwithstanding this knowledge, SHARKNINJA MANAGEMENT LLC failed to adequately design, equip and/or manufacture the subject blender.

28.    Alternatively, SHARKNINJA MANAGEMENT LLC negligently failed to give adequate warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

29.    Alternatively, SHARKNINJA MANAGEMENT LLC failed to adequately design, manufacture, test, inspect, market and/or sell the subject blender, and/or failed to include a reasonable and safer alternative to the subject defective condition.

30.    Alternatively, SHARKNINJA MANAGEMENT LLC failed to adequately monitor consumer injury and damage reports associated with the subject blender, and/or failed to include a reasonable and safer alternatives to the subject defective condition.

31.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's negligence, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

32.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's negligence, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT III**</u>
<u>**BREACH OF EXPRESS WARRANTY AGAINST SHARKNINJA MANAGEMENT LLC**</u>

33.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

34.   SHARKNINJA MANAGEMENT LLC designed, manufactured, assembled, distributed, inspected, tested and/or sold the subject blender.

35.   SHARKNINJA MANAGEMENT LLC expressly warranted that the subject blender was safe for ordinary use when used in compliance with the instructions provided, which LORENZO followed.

36.   SHARKNINJA MANAGEMENT LLC's affirmations regarding the safety of its product formed a basis of the bargain for LORENZO without which LORENZO would not have purchased and/or used the subject blender.

37.   The subject blender did not conform to SHARKNINJA MANAGEMENT LLC's affirmations regarding safety.

38.   As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of express warranties, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

39.   As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of express warranties, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen

Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

### COUNT IV
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST SHARKNINJA MANAGEMENT LLC

40.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

41.    SHARKNINJA MANAGEMENT LLC at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

42.    SHARKNINJA MANAGEMENT LLC impliedly warranted that the subject blender was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to SHARKNINJA MANAGEMENT LLC's own affirmations regarding the subject blender's safety features and overall safe condition.

43.    SHARKNINJA MANAGEMENT LLC breached their implied warranty of merchantability, as the product did not conform to SHARKNINJA MANAGEMENT LLC's affirmations regarding the safety features and overall safe condition of the subject blender, the subject blender was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

44.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of merchantability, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

45.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of merchantability, LORENZO suffered bodily injury and resulting pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

 **WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT V**</u>
<u>**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**</u>
<u>**PURPOSE AGAINST SHARKNINJA MANAGEMENT LLC**</u>

 46. LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

 47. SHARKNINJA MANAGEMENT LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

 48. In selling the subject blender to LORENZO, SHARKNINJA MANAGEMENT LLC, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which LORENZO would put the subject blender to use and knew or should have known of the particular purpose to which LORENZO would put the product to use. SHARKNINJA MANAGEMENT LLC impliedly warranted that the product would be fit for such particular purpose.

 49. SHARKNINJA MANAGEMENT LLC breached its implied warranty of fitness for a particular purpose, as the subject blender did not conform to SHARKNINJA MANAGEMENT

LLC's affirmations regarding its product being fit for such particular purpose. The subject blender's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

50.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of fitness for a particular purpose, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

51.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of fitness for a particular purpose, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

### COUNT VI
### FAILURE TO WARN AGAINST SHARKNINJA MANAGEMENT LLC

52.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

53.    SHARKNINJA MANAGEMENT LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

54.   On or about November 3, 2019, LORENZO used the subject blender in the manner intended and/or foreseeably intended, when the subject blender failed and/or otherwise caused injury to LORENZO.

55.   The subject blender was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was otherwise inherently and/or unreasonably dangerous.

56.   SHARKNINJA MANAGEMENT LLC knew or should have known of the dangerous nature of the subject blender by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the subject blender. For example, SHARKNINJA MANAGEMENT LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al*., Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al*., Case 1:20-cv-22907-CMA.

57.   SHARKNINJA MANAGEMENT LLC had a duty to provide reasonable warnings of dangers involved in the use of the subject blender, and failed to provide the public, including LORENZO, notice of the danger involved.

58.   As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's failure to warn of the dangers of the subject blender, LORENZO was unable to protect herself or otherwise avoid injury when her incident occurred.

59.   As a direct and proximate result of the foregoing, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## COUNT I
## STRICT LIABILITY CLAIM AGAINST SHARKNINJA OPERATING LLC

60.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

61.    The subject blender was defective and unreasonably dangerous by virtue of its condition and the failure to warn of known and foreseeable risks, insofar as it was subject to disgorgement of its sharp and dangerous blade suddenly and unexpectedly in the course of foreseeable use, and insofar as the subject blender had no support to hold the blade.

62.    The subject defect existed at the time it left the possession and control of SHARKNINJA OPERATING LLC, and, at the time it came into the possession of LORENZO.

63.    The subject blender had not been altered and/or damaged prior to the time of the incident described herein and was in substantially the same condition at the time of the incident described as at the time it was manufactured and sold by SHARKNINJA OPERATING LLC and placed in the stream of commerce.

64.    At all relevant times, SHARKNINJA OPERATING LLC was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing blenders and did design, manufacture, inspect, test, distribute, sell and/or market the subject blender.

65.   The subject blender failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

66.   The subject blender had not been misused post-sale before it failed.

67.   The subject blender was within its anticipated useful life when it failed.

68.   The subject blender's failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

69.   Specifically, the subject blender was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

70.   As a direct and proximate result of the defective and unreasonably dangerous conditions of the subject blender, it suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

71.   As a direct and proximate result of the defective and unreasonably dangerous condition of the subject blender and the resulting incident as described, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen

Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT II**</u>
<u>**NEGLGIENCE CLAIM AGAINST SHARKNINJA OPERATING LLC**</u>

72.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

73.   At all times material SHARKNINJA OPERATING LLC had a duty to LORENZO to exercise reasonable care in the design, testing and manufacture of the subject blender as described in the incident above.

74.   SHARKNINJA OPERATING LLC knew, or in the existence of ordinary care, should have known, that the subject blender was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. For example, SHARKNINJA OPERATING LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al*., Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al*., Case 1:20-cv-22907-CMA.

75.   Alternatively, SHARKNINJA OPERATING LLC knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the subject blender such that the type of incident and resulting injuries and damages as described herein would have been prevented.

76.   Alternatively, SHARKNINJA OPERATING LLC had actual or constructive knowledge of the means of designing a blender that would not be inadequate and dangerous, and notwithstanding

this knowledge, SHARKNINJA OPERATING LLC failed to adequately design, equip and/or manufacture the subject blender.

77.    Alternatively, SHARKNINJA OPERATING LLC negligently failed to give adequate warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

78.    Alternatively, SHARKNINJA OPERATING LLC failed to adequately design, manufacture, test, inspect, market and/or sell the subject blender, and/or failed to include a reasonable and safer alternative to the subject defective condition.

79.    Alternatively, SHARKNINJA OPERATING LLC failed to adequately monitor consumer injury and damage reports associated with the subject blender, and/or failed to include a reasonable and safer alternatives to the subject defective condition.

80.    As a direct and proximate result of SHARKNINJA OPERATING LLC's negligence, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

81.    As a direct and proximate result of SHARKNINJA OPERATING LLC's negligence, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT III</u>
<u>BREACH OF EXPRESS WARRANTY AGAINST SHARKNINJA OPERATING LLC</u>

82.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

83.   SHARKNINJA OPERATING LLC designed, manufactured, assembled, distributed, inspected, tested and/or sold the subject blender.

84.   SHARKNINJA OPERATING LLC expressly warranted that the subject blender was safe for ordinary use when used in compliance with the instructions provided, which LORENZO followed.

85.   SHARKNINJA OPERATING LLC's affirmations regarding the safety of its product formed a basis of the bargain for LORENZO without which LORENZO would not have purchased and/or used the subject blender.

86.   The subject blender did not conform to SHARKNINJA OPERATING LLC's affirmations regarding safety.

87.   As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of express warranties, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

88.   As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of express warranties, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT IV**</u>
<u>**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST**</u>
<u>**SHARKNINJA OPERATING LLC**</u>

89.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

90.    SHARKNINJA OPERATING LLC at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

91.    SHARKNINJA OPERATING LLC impliedly warranted that the subject blender was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to SHARKNINJA OPERATING LLC's own affirmations regarding the subject blender's safety features and overall safe condition.

92.    SHARKNINJA OPERATING LLC breached their implied warranty of merchantability, as the product did not conform to SHARKNINJA OPERATING LLC's affirmations regarding the safety features and overall safe condition of the subject blender, the subject blender was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

93.    As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of merchantability, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

94.    As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of merchantability, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT V**</u>
<u>**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**</u>
<u>**PURPOSE AGAINST SHARKNINJA OPERATING LLC**</u>

95.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

96.    SHARKNINJA OPERATING LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

97.    In selling the subject blender to LORENZO, SHARKNINJA OPERATING LLC, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which LORENZO would put the subject blender to use and knew or should have known of the particular purpose to which LORENZO would put the product to use. SHARKNINJA OPERATING LLC impliedly warranted that the product would be fit for such particular purpose.

98.    SHARKNINJA OPERATING LLC breached its implied warranty of fitness for a particular purpose, as the subject blender did not conform to SHARKNINJA OPERATING LLC's affirmations regarding its product being fit for such particular purpose. The subject blender's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

99.    As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of fitness for a particular purpose, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

100.  As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of fitness for a particular purpose, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## COUNT VI
## FAILURE TO WARN AGAINST SHARKNINJA OPERATING LLC

101.  LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

102.  SHARKNINJA OPERATING LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

**ARONFELD TRIAL LAWYERS**
Aronfeld.com
**Page 19 of 21**

103.  On or about November 3, 2019, LORENZO used the subject blender in the manner intended and/or foreseeably intended, when the subject blender failed and/or otherwise caused injury to LORENZO.

104.  The subject blender was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was otherwise inherently and/or unreasonably dangerous.

105.  SHARKNINJA OPERATING LLC knew or should have known of the dangerous nature of the subject blender by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the subject blender. For example, SHARKNINJA OPERATING LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al.*, Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al.*, Case 1:20-cv-22907-CMA.

106.  SHARKNINJA OPERATING LLC had a duty to provide reasonable warnings of dangers involved in the use of the subject blender, and failed to provide the public, including LORENZO, notice of the danger involved.

107.  As a direct and proximate result of SHARKNINJA OPERATING LLC's failure to warn of the dangers of the subject blender, LORENZO was unable to protect herself or otherwise avoid injury when her incident occurred.

108.  As a direct and proximate result of the foregoing, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

WHEREFORE, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

**DEMAND FOR JURY TRIAL**

Plaintiff, RACHEL LORENZO, demands trial by jury on all issues so triable.

**Dated:** September 8, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for LORENZO***

# EXHIBIT C

JS 44 (Rev. 10/20) FLSD Revised 02/22/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

## DEFENDANTS SharkNinja Management LLC and SharkNinja Operating LLC

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Norfolk

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Spencer Aronfeld, Abby H. Ivey, Mathias M. Hayashi, Riana S. Maryanoff, Aronfeld Trial Lawyers, One Alhambra Plaza Penthouse Coral Gables, FL 33134, (305) 441.0440

Attorneys *(If Known)*

Scott D. Kaiser, Shook, Hardy & Bacon LLP, 2555 Grand Blvd, Kansas City, MO 64108 (816) 474-6550

**(d)** Check County Where Action Arose: ☒ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | | ☐ 462 Naturalization Application | |
| | ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration Actions | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Re-filed *(See VI below)*  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation Transfer  ☐ 7 Appeal to District Judge from Magistrate Judgment  ☐ 8 Multidistrict Litigation – Direct File  ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☐YES ☒NO   b) Related Cases ☐YES ☒NO

JUDGE: _____ DOCKET NUMBER: _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*: 29 U.S.C. Sections 1332, 1441, and 1446. Plaintiff asserts a product-liability action. Plaintiff's citizenship is diverse from the Defendants.

LENGTH OF TRIAL via 7 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE September 26, 2022

SIGNATURE OF ATTORNEY OF RECORD /s/ Scott D. Kaiser

FOR OFFICE USE ONLY: RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

# EXHIBIT D



## MIAMI-DADE COUNTY CLERK OF THE COURTS
### HARVEY RUVIN

Contact Us    My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding** Access Security Matrix.

### RACHEL LORENZO VS SHARKNINJA MANAGEMENT LLC ET AL

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-014612-CA-01 | **Filing Date:** | 08/02/2022 |
| **State Case Number:** | 132022CA014612000001 | **Judicial Section:** | CA23 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Product Liability |
| **Case Status:** | OPEN | | |

### 👥 Parties
Total Of Parties: 3  —

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Lorenzo, Rachel | | |
| Defendant | SHARKNINJA MANAGEMENT LLC | | |
| Defendant | SHARKNINJA OPERATING LLC | | |

### ⚒ Hearing Details
Total Of Hearings: 0  —

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|
| | | | | |

### 🔊 Dockets
Total Of Dockets: 9  —

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 9 | 09/15/2022 | | Service Returned | Event | SHARKNINJA MANAGEMENT,LLC. |
| 📄 | 8 | 09/08/2022 | | Amended Complaint | Event | |
| | | 08/23/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 08/23/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: SHARKNINJA MANAGEMENT LLC |
| | 6 | 08/19/2022 | | Receipt: | Event | **RECEIPT#:3050032 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:08/19/2022** |

REGISTER#:305 CASHIER:EFILINGUSER

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
|  | 5 | 08/10/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 08/10/2022 | | Receipt: | Event | RECEIPT#:3070081 AMT PAID:$401.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:08/10/2022 REGISTER#:307 CASHIER:EFILINGUSER |
| | 2 | 08/02/2022 | | Complaint | Event | |
| | 1 | 08/02/2022 | | Civil Cover Sheet - Claim Amount | Event | |

**◀◀ BACK**

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



### HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street

Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.



# EXHIBIT E

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Rachel Lorenzo</u>
Plaintiff

Case # _____
Judge   _____

vs.

<u>SHARKNINJA MANAGEMENT LLC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

REGISTER#:305 CASHIER:EFILINGUSER

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
|  | 5 | 08/10/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 08/10/2022 | | Receipt: | Event | RECEIPT#:3070081 AMT PAID:$401.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:08/10/2022 REGISTER#:307 CASHIER:EFILINGUSER |
| | 2 | 08/02/2022 | | Complaint | Event | |
| | 1 | 08/02/2022 | | Civil Cover Sheet - Claim Amount | Event | |

**◄◄ BACK**

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street

Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.



**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
       ☐ Residential Evictions
       ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>6</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Abby Hernandez Ivey</u>       Fla. Bar # <u>1002774</u>
      Attorney or party           (Bar # if attorney)

<u>Abby Hernandez Ivey</u>       <u>08/09/2022</u>
 (type or print name)        Date

- 3 -

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

GENERAL JURISDICTION DIVISION

RACHEL LORENZO,

      Plaintiff,

v.

SHARKNINJA MANAGEMENT LLC,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, RACHEL LORENZO (hereinafter "LORENZO"), through undersigned counsel,

sues Defendant, SHARKNINJA MANAGEMENT LLC, (hereinafter "SHARKNINJA"), and

demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1.    LORENZO seeks damages in excess of Thirty Thousand Dollars ($30,000.00),

exclusive of interest, costs, and attorneys' fees.

2.    LORENZO was and is at all times a citizen and resident of Miami-Dade County,

Florida.

3.    LORENZO sustained serious and permanent injuries in an incident which occurred

on November 3, 2019 in Miami-Dade County, Florida.

4.    SHARKNINJA was at all times material a foreign corporation authorized to do business

and doing business in the state of Florida, engaged in the business of designing, testing, fabricating,

manufacturing, assembling, producing, distributing and selling home kitchen appliances, including the Ninja Master blender model QB900B (hereinafter the "subject blender").

5.      At all times material, the subject blender was in substantially the same condition as when it left the respective manufacturer's and consumer seller's possession, and there were no changes made to the subject blender between the time it left SHARKNINJA' possession and the time of the subject incident.

6.      On November 3, 2019, LORENZO was operating the subject blender when it suddenly and unexpectedly disgorged its blade, which sliced through her right foot, toes, and/or tendons. Furthermore, the subject blender had no support to hold the blade.

7.      The defects inherent in the subject blender were not reasonably discoverable by LORENZO and were unknown to her at the time and place of the incident.

8.      As a result, LORENZO sustained serious and permanent injuries.

<u>COUNT I</u>
<u>STRICT LIABILITY CLAIM AGAINST SHARKNINJA</u>

9.      LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

10.     The subject blender was defective and unreasonably dangerous by virtue of its condition and the failure to warn of known and foreseeable risks, insofar as it was subject to disgorgement of its sharp and dangerous blade suddenly and unexpectedly in the course of foreseeable use, and insofar as the subject blender had no support to hold the blade

11.     The subject defect existed at the time it left the possession and control of SHARKNINJA, and, at the time it came into the possession of LORENZO.

12.    The subject blender had not been altered and/or damaged prior to the time of the incident described herein and was in substantially the same condition at the time of the incident described as at the time it was manufactured and sold by SHARKNINJA and placed in the stream of commerce.

13.    At all relevant times, SHARKNINJA was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing blenders and did design, manufacture, inspect, test, distribute, sell and/or market the subject blender.

14.    The subject blender failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

15.    The subject blender had not been misused post-sale before it failed.

16.    The subject blender was within its anticipated useful life when it failed.

17.    The subject blender's failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

18.    Specifically, the subject blender was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

19.    As a direct and proximate result of the defective and unreasonably dangerous conditions of the subject blender, it suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

20.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject blender and the resulting incident as described, LORENZO suffered bodily injury and

resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## <u>COUNT II</u>
## <u>NEGLGIENCE CLAIM AGAINST SHARKNINJA</u>

21.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

22.    At all times material SHARKNINJA had a duty to LORENZO to exercise reasonable care in the design, testing and manufacture of the subject blender as described in the incident above.

23.    SHARKNINJA knew, or in the existence of ordinary care, should have known, that the subject blender was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. For example, SHARKNINJA has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. See Wallace et al. v. Sharkninja Operating LLC, Case 5:18-cv-05221-BLF; see also Warner v. Sharkninja Operating LLC, Case 3:22-cv-00310-JCS; see also Mawla, et al. v. Sharkninja Operating, LLC, Case 3:21-cv-05202-JD; see also Moberly v. Sharkninja Operating LLC, et al., Case 2:22-cv-14259-AMC; see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al., Case 1:20-cv-22907-CMA.

24.     Alternatively, SHARKNINJA knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the subject blender such that the type of incident and resulting injuries and damages as described herein would have been prevented.

25.     Alternatively, SHARKNINJA had actual or constructive knowledge of the means of designing a blender that would not be inadequate and dangerous, and notwithstanding this knowledge, SHARKNINJA failed to adequately design, equip and/or manufacture the subject blender.

26.     Alternatively, SHARKNINJA negligently failed to give adequate warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

27.     Alternatively, SHARKNINJA failed to adequately design, manufacture, test, inspect, market and/or sell the subject blender, and/or failed to include a reasonable and safer alternative to the subject defective condition.

28.     Alternatively, SHARKNINJA failed to adequately monitor consumer injury and damage reports associated with the subject blender, and/or failed to include a reasonable and safer alternatives to the subject defective condition.

29.     As a direct and proximate result of SHARKNINJA's negligence, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

30.     As a direct and proximate result of SHARKNINJA's negligence, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT III</u>
<u>BREACH OF EXPRESS WARRANTY AGAINST SHARKNINJA</u>

31.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

32.    SHARKNINJA designed, manufactured, assembled, distributed, inspected, tested and/or sold the subject blender.

33.    SHARKNINJA expressly warranted that the subject blender was safe for ordinary use when used in compliance with the instructions provided, which LORENZO followed.

34.    SHARKNINJA's affirmations regarding the safety of its product formed a basis of the bargain for LORENZO without which LORENZO would not have purchased and/or used the subject blender.

35.    The subject blender did not conform to SHARKNINJA's affirmations regarding safety.

36.    As a direct and proximate result of SHARKNINJA's breach of express warranties, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

37.    As a direct and proximate result of SHARKNINJA's breach of express warranties, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST SHARKNINJA

38.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

39.   SHARKNINJA at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

40.   SHARKNINJA impliedly warranted that the subject blender was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to SHARKNINJA's own affirmations regarding the subject blender's safety features and overall safe condition.

41.   SHARKNINJA breached their implied warranty of merchantability, as the product did not conform to SHARKNINJA's affirmations regarding the safety features and overall safe condition of the subject blender, the subject blender was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

42.   As a direct and proximate result of SHARKNINJA's breach of the implied warranty of merchantability, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

43.   As a direct and proximate result of SHARKNINJA's breach of the implied warranty of merchantability, LORENZO suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

> **WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT V</u>
<u>BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR</u>
<u>PURPOSE AGAINST SHARKNINJA</u>

44.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

45.    SHARKNINJA designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

46.    In selling the subject blender to LORENZO, SHARKNINJA, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which LORENZO would put the subject blender to use and knew or should have known of the particular purpose to which LORENZO would put the product to use. SHARKNINJA impliedly warranted that the product would be fit for such particular purpose.

47.    SHARKNINJA breached its implied warranty of fitness for a particular purpose, as the subject blender did not conform to SHARKNINJA's affirmations regarding its product being fit for

such particular purpose. The subject blender's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

48.    As a direct and proximate result of SHARKNINJA's breach of the implied warranty of fitness for a particular purpose, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

49.    As a direct and proximate result of SHARKNINJA's breach of the implied warranty of fitness for a particular purpose, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## COUNT VI
## FAILURE TO WARN AGAINST SHARKNINJA

50.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-7 as if fully set forth herein.

51.    SHARKNINJA designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

52.    On or about November 3, 2019, LORENZO used the subject blender in the manner intended and/or foreseeably intended, when the subject blender failed and/or otherwise caused injury to LORENZO.

53.    The subject blender was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was otherwise inherently and/or unreasonably dangerous.

54.    SHARKNINJA knew or should have known of the dangerous nature of the subject blender by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the subject blender. For example, SHARKNINJA has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. See Wallace et al. v. Sharkninja Operating LLC, Case 5:18-cv-05221-BLF; see also Warner v. Sharkninja Operating LLC, Case 3:22-cv-00310-JCS; see also Mawla, et al. v. Sharkninja Operating, LLC, Case 3:21-cv-05202-JD; see also Moberly v. Sharkninja Operating LLC, et al., Case 2:22-cv-14259-AMC; see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al., Case 1:20-cv-22907-CMA.

55.    SHARKNINJA had a duty to provide reasonable warnings of dangers involved in the use of the subject blender, and failed to provide the public, including LORENZO, notice of the danger involved.

56.    As a direct and proximate result of SHARKNINJA's failure to warn of the dangers of the subject blender, LORENZO was unable to protect herself or otherwise avoid injury when her incident occurred.

57.    As a direct and proximate result of the foregoing, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment,

rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff, RACHEL LORENZO, demands trial by jury on all issues so triable.

**Dated:** August 2, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Riana S. Maryanoff, Esq.**
Florida Bar No.: 1024768
rmaryanoff@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for Plaintiff***

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2022-014612-CA-01 |
|---|---|---|

| PLAINTIFF(S)<br><br>RACHEL LORENZO | VS.  DEFENDANT(S)<br><br>SHARKNINJA MANAGEMENT LLC | SERVICE |
|---|---|---|

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on
defendant(s): _____ SharkNinja Management LLC _____

_____ 89 A Street Suite 100 _____

_____ Needham, MA 02494 _____

_____

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: _____ Abby Ivey, Esq. _____

whose address is: _____ 1 Alhambra Plaza, Penthouse _____

_____ Coral Gables, FL 33134 _____

_____ aivey@aronfeld.com;(786) 461-8248 _____

**CLOCK IN**

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | | DATE |
|---|---|---|
| | DEPUTY CLERK | |

# AMERICANS WITH DISABILITIES ACT OF 1990
# ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA
Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400,
Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email
ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than seven (7) days; if you are hearing or voice
impaired, call 711."**

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2022-014612-CA-01 |
| --- | --- | --- |

| PLAINTIFF(S)<br><br>RACHEL LORENZO | VS. DEFENDANT(S)<br><br>SHARKNINJA MANAGEMENT LLC | **SERVICE** |
| --- | --- | --- |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on
defendant(s): _____ SharkNinja Management LLC _____

_____ 89 A Street Suite 100 _____

_____ Needham, MA 02494 _____

_____

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: _____ Abby Ivey, Esq. _____

whose address is: _____ 1 Alhambra Plaza, Penthouse _____

_____ Coral Gables, FL 33134 _____

_____ aivey@aronfeld.com;(786) 461-8248 _____

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | 217043<br><br>DEPUTY CLERK | | DATE<br>8/23/2022 |
| --- | --- | --- | --- |

# AMERICANS WITH DISABILITIES ACT OF 1990
# ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA
Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400,
Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email
ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than seven (7) days; if you are hearing or voice
impaired, call 711."**

IN THE CIRCUIT COURT FOR THE
ELEVENT JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2022-014612-CA-01

GENERAL JURISDICTION DIVISION

RACHEL LORENZO,

       Plaintiff,

v.

SHARKNINJA MANAGEMENT LLC.,
and SHARKNINJA OPERATING LLC,

       Defendants,

_____/

## FIRST AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

     Plaintiff, RACHEL LORENZO (hereinafter "LORENZO"), through undersigned counsel,

sues Defendants, SHARKNINJA MANAGEMENT LLC, and Defendants, SHARKNINJA

OPERATING LLC, demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

    1.    LORENZO seeks damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest, costs, and attorneys' fees.

    2.    LORENZO was and is at all times a citizen and resident of Miami-Dade County,

Florida.

    3.    LORENZO sustained serious and permanent injuries in an incident which occurred

on November 3, 2019 in Miami-Dade County, Florida.

    4.    SHARKNINJA MANAGEMENT LLC was at all times material a foreign corporation

authorized to do business and doing business in the state of Florida, engaged in the business of

designing, testing, fabricating, manufacturing, assembling, producing, distributing and selling home kitchen appliances, including the Ninja Master blender model QB900B (hereinafter the "subject blender").

5.      SHARKNINJA OPERATING LLC was at all times material a foreign corporation authorized to do business and doing business in the state of Florida, engaged in the business of designing, testing, fabricating, manufacturing, assembling, producing, distributing and selling home kitchen appliances, including the Ninja Master blender model QB900B (hereinafter the "subject blender").

6.      At all times material, the subject blender was in substantially the same condition as when it left the respective manufacturer's and consumer seller's possession, and there were no changes made to the subject blender between the time it left SHARKNINJA MANAGEMENT LLC's possession and the time of the subject incident.

7.      At all times material, the subject blender was in substantially the same condition as when it left the respective manufacturer's and consumer seller's possession, and there were no changes made to the subject blender between the time it left SHARKNINJA OPERATING LLC's possession and the time of the subject incident.

8.      On November 3, 2019, LORENZO was operating the subject blender when it suddenly and unexpectedly disgorged its blade, which sliced through her right foot, toes, and/or tendons. Furthermore, the subject blender had no support to hold the blade.

9.      The defects inherent in the subject blender were not reasonably discoverable by LORENZO and were unknown to her at the time and place of the incident.

10.     As a result, LORENZO sustained serious and permanent injuries.

**COUNT I**
**STRICT LIABILITY CLAIM AGAINST SHARKNINJA MANAGEMENT LLC**

**ARONFELD TRIAL LAWYERS**
Aronfeld.com
Page 2 of 21

11.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

12.    The subject blender was defective and unreasonably dangerous by virtue of its condition and the failure to warn of known and foreseeable risks, insofar as it was subject to disgorgement of its sharp and dangerous blade suddenly and unexpectedly in the course of foreseeable use, and insofar as the subject blender had no support to hold the blade.

13.    The subject defect existed at the time it left the possession and control of SHARKNINJA MANAGEMENT LLC, and, at the time it came into the possession of LORENZO.

14.    The subject blender had not been altered and/or damaged prior to the time of the incident described herein and was in substantially the same condition at the time of the incident described as at the time it was manufactured and sold by SHARKNINJA MANAGEMENT LLC and placed in the stream of commerce.

15.    At all relevant times, SHARKNINJA MANAGEMENT LLC was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing blenders and did design, manufacture, inspect, test, distribute, sell and/or market the subject blender.

16.    The subject blender failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

17.    The subject blender had not been misused post-sale before it failed.

18.    The subject blender was within its anticipated useful life when it failed.

19.    The subject blender's failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

20.    Specifically, the subject blender was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

21.    As a direct and proximate result of the defective and unreasonably dangerous conditions of the subject blender, it suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

22.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject blender and the resulting incident as described, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT II**</u>
<u>**NEGLGIENCE CLAIM AGAINST SHARKNINJA MANAGEMENT LLC**</u>

23.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

24.     At all times material SHARKNINJA MANAGEMENT LLC had a duty to LORENZO to exercise reasonable care in the design, testing and manufacture of the subject blender as described in the incident above.

25.     SHARKNINJA MANAGEMENT LLC knew, or in the existence of ordinary care, should have known, that the subject blender was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. For example, SHARKNINJA MANAGEMENT LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al*., Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al*., Case 1:20-cv-22907-CMA.

26.     Alternatively, SHARKNINJA MANAGEMENT LLC knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the subject blender such that the type of incident and resulting injuries and damages as described herein would have been prevented.

27.     Alternatively, SHARKNINJA MANAGEMENT LLC had actual or constructive knowledge of the means of designing a blender that would not be inadequate and dangerous, and notwithstanding this knowledge, SHARKNINJA MANAGEMENT LLC failed to adequately design, equip and/or manufacture the subject blender.

28.     Alternatively, SHARKNINJA MANAGEMENT LLC negligently failed to give adequate warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

29.   Alternatively, SHARKNINJA MANAGEMENT LLC failed to adequately design, manufacture, test, inspect, market and/or sell the subject blender, and/or failed to include a reasonable and safer alternative to the subject defective condition.

30.   Alternatively, SHARKNINJA MANAGEMENT LLC failed to adequately monitor consumer injury and damage reports associated with the subject blender, and/or failed to include a reasonable and safer alternatives to the subject defective condition.

31.   As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's negligence, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

32.   As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's negligence, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## <u>COUNT III</u>
## <u>BREACH OF EXPRESS WARRANTY AGAINST SHARKNINJA MANAGEMENT LLC</u>

33.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

34. SHARKNINJA MANAGEMENT LLC designed, manufactured, assembled, distributed, inspected, tested and/or sold the subject blender.

35. SHARKNINJA MANAGEMENT LLC expressly warranted that the subject blender was safe for ordinary use when used in compliance with the instructions provided, which LORENZO followed.

36. SHARKNINJA MANAGEMENT LLC's affirmations regarding the safety of its product formed a basis of the bargain for LORENZO without which LORENZO would not have purchased and/or used the subject blender.

37. The subject blender did not conform to SHARKNINJA MANAGEMENT LLC's affirmations regarding safety.

38. As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of express warranties, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

39. As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of express warranties, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen

Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST**
**SHARKNINJA MANAGEMENT LLC**

40.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

41.    SHARKNINJA MANAGEMENT LLC at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

42.    SHARKNINJA MANAGEMENT LLC impliedly warranted that the subject blender was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to SHARKNINJA MANAGEMENT LLC's own affirmations regarding the subject blender's safety features and overall safe condition.

43.    SHARKNINJA MANAGEMENT LLC breached their implied warranty of merchantability, as the product did not conform to SHARKNINJA MANAGEMENT LLC's affirmations regarding the safety features and overall safe condition of the subject blender, the subject blender was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

44.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of merchantability, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

45.    As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of merchantability, LORENZO suffered bodily injury and resulting pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT V**</u>
<u>**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**</u>
<u>**PURPOSE AGAINST SHARKNINJA MANAGEMENT LLC**</u>

46.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

47.   SHARKNINJA MANAGEMENT LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

48.   In selling the subject blender to LORENZO, SHARKNINJA MANAGEMENT LLC, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which LORENZO would put the subject blender to use and knew or should have known of the particular purpose to which LORENZO would put the product to use. SHARKNINJA MANAGEMENT LLC impliedly warranted that the product would be fit for such particular purpose.

49.   SHARKNINJA MANAGEMENT LLC breached its implied warranty of fitness for a particular purpose, as the subject blender did not conform to SHARKNINJA MANAGEMENT

LLC's affirmations regarding its product being fit for such particular purpose. The subject blender's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

50. As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of fitness for a particular purpose, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

51. As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's breach of the implied warranty of fitness for a particular purpose, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

### COUNT VI
### FAILURE TO WARN AGAINST SHARKNINJA MANAGEMENT LLC

52. LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

53. SHARKNINJA MANAGEMENT LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

54.     On or about November 3, 2019, LORENZO used the subject blender in the manner intended and/or foreseeably intended, when the subject blender failed and/or otherwise caused injury to LORENZO.

55.     The subject blender was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was otherwise inherently and/or unreasonably dangerous.

56.     SHARKNINJA MANAGEMENT LLC knew or should have known of the dangerous nature of the subject blender by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the subject blender. For example, SHARKNINJA MANAGEMENT LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al*., Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al*., Case 1:20-cv-22907-CMA.

57.     SHARKNINJA MANAGEMENT LLC had a duty to provide reasonable warnings of dangers involved in the use of the subject blender, and failed to provide the public, including LORENZO, notice of the danger involved.

58.     As a direct and proximate result of SHARKNINJA MANAGEMENT LLC's failure to warn of the dangers of the subject blender, LORENZO was unable to protect herself or otherwise avoid injury when her incident occurred.

59.     As a direct and proximate result of the foregoing, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

WHEREFORE, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA MANAGEMENT LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## COUNT I
## STRICT LIABILITY CLAIM AGAINST SHARKNINJA OPERATING LLC

60.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

61.    The subject blender was defective and unreasonably dangerous by virtue of its condition and the failure to warn of known and foreseeable risks, insofar as it was subject to disgorgement of its sharp and dangerous blade suddenly and unexpectedly in the course of foreseeable use, and insofar as the subject blender had no support to hold the blade.

62.    The subject defect existed at the time it left the possession and control of SHARKNINJA OPERATING LLC, and, at the time it came into the possession of LORENZO.

63.    The subject blender had not been altered and/or damaged prior to the time of the incident described herein and was in substantially the same condition at the time of the incident described as at the time it was manufactured and sold by SHARKNINJA OPERATING LLC and placed in the stream of commerce.

64.    At all relevant times, SHARKNINJA OPERATING LLC was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing blenders and did design, manufacture, inspect, test, distribute, sell and/or market the subject blender.

65.   The subject blender failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

66.   The subject blender had not been misused post-sale before it failed.

67.   The subject blender was within its anticipated useful life when it failed.

68.   The subject blender's failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

69.   Specifically, the subject blender was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

70.   As a direct and proximate result of the defective and unreasonably dangerous conditions of the subject blender, it suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

71.   As a direct and proximate result of the defective and unreasonably dangerous condition of the subject blender and the resulting incident as described, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen

Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u><strong>COUNT II</strong></u><br>
<u><strong>NEGLGIENCE CLAIM AGAINST SHARKNINJA OPERATING LLC</strong></u>

72.    LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

73.    At all times material SHARKNINJA OPERATING LLC had a duty to LORENZO to exercise reasonable care in the design, testing and manufacture of the subject blender as described in the incident above.

74.    SHARKNINJA OPERATING LLC knew, or in the existence of ordinary care, should have known, that the subject blender was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. For example, SHARKNINJA OPERATING LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al.*, Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al.*, Case 1:20-cv-22907-CMA.

75.    Alternatively, SHARKNINJA OPERATING LLC knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the subject blender such that the type of incident and resulting injuries and damages as described herein would have been prevented.

76.    Alternatively, SHARKNINJA OPERATING LLC had actual or constructive knowledge of the means of designing a blender that would not be inadequate and dangerous, and notwithstanding

<strong>ARONFELD TRIAL LAWYERS</strong><br>
<u>Aronfeld.com</u><br>
<strong>Page 14 of 21</strong>

this knowledge, SHARKNINJA OPERATING LLC failed to adequately design, equip and/or manufacture the subject blender.

77.    Alternatively, SHARKNINJA OPERATING LLC negligently failed to give adequate warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

78.    Alternatively, SHARKNINJA OPERATING LLC failed to adequately design, manufacture, test, inspect, market and/or sell the subject blender, and/or failed to include a reasonable and safer alternative to the subject defective condition.

79.    Alternatively, SHARKNINJA OPERATING LLC failed to adequately monitor consumer injury and damage reports associated with the subject blender, and/or failed to include a reasonable and safer alternatives to the subject defective condition.

80.    As a direct and proximate result of SHARKNINJA OPERATING LLC's negligence, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

81.    As a direct and proximate result of SHARKNINJA OPERATING LLC's negligence, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT III</u>
<u>BREACH OF EXPRESS WARRANTY AGAINST SHARKNINJA OPERATING LLC</u>

82.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

83.   SHARKNINJA OPERATING LLC designed, manufactured, assembled, distributed, inspected, tested and/or sold the subject blender.

84.   SHARKNINJA OPERATING LLC expressly warranted that the subject blender was safe for ordinary use when used in compliance with the instructions provided, which LORENZO followed.

85.   SHARKNINJA OPERATING LLC's affirmations regarding the safety of its product formed a basis of the bargain for LORENZO without which LORENZO would not have purchased and/or used the subject blender.

86.   The subject blender did not conform to SHARKNINJA OPERATING LLC's affirmations regarding safety.

87.   As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of express warranties, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

88.   As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of express warranties, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>COUNT IV</u>
<u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST</u>
<u>SHARKNINJA OPERATING LLC</u>

89.   LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

90.   SHARKNINJA OPERATING LLC at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

91.   SHARKNINJA OPERATING LLC impliedly warranted that the subject blender was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to SHARKNINJA OPERATING LLC's own affirmations regarding the subject blender's safety features and overall safe condition.

92.   SHARKNINJA OPERATING LLC breached their implied warranty of merchantability, as the product did not conform to SHARKNINJA OPERATING LLC's affirmations regarding the safety features and overall safe condition of the subject blender, the subject blender was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

93.   As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of merchantability, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

94.     As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of merchantability, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

<u>**COUNT V**</u>
<u>**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**</u>
<u>**PURPOSE AGAINST SHARKNINJA OPERATING LLC**</u>

95.     LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

96.     SHARKNINJA OPERATING LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

97.     In selling the subject blender to LORENZO, SHARKNINJA OPERATING LLC, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which LORENZO would put the subject blender to use and knew or should have known of the particular purpose to which LORENZO would put the product to use. SHARKNINJA OPERATING LLC impliedly warranted that the product would be fit for such particular purpose.

98.   SHARKNINJA OPERATING LLC breached its implied warranty of fitness for a particular purpose, as the subject blender did not conform to SHARKNINJA OPERATING LLC's affirmations regarding its product being fit for such particular purpose. The subject blender's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

99.   As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of fitness for a particular purpose, the subject blender suddenly and without warning disgorged its sharp and dangerous blade, which lacked adequate support to hold it, causing LORENZO's incident and serious injuries.

100.  As a direct and proximate result of SHARKNINJA OPERATING LLC's breach of the implied warranty of fitness for a particular purpose, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## COUNT VI
## FAILURE TO WARN AGAINST SHARKNINJA OPERATING LLC

101.  LORENZO realleges and readopts the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

102. SHARKNINJA OPERATING LLC designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject blender.

103. On or about November 3, 2019, LORENZO used the subject blender in the manner intended and/or foreseeably intended, when the subject blender failed and/or otherwise caused injury to LORENZO.

104. The subject blender was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was otherwise inherently and/or unreasonably dangerous.

105. SHARKNINJA OPERATING LLC knew or should have known of the dangerous nature of the subject blender by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the subject blender. For example, SHARKNINJA OPERATING LLC has previously been sued in this circuit, district, and throughout this nation for similar malfunctions. *See Wallace et al. v. Sharkninja Operating LLC*, Case 5:18-cv-05221-BLF; *see also Warner v. Sharkninja Operating LLC*, Case 3:22-cv-00310-JCS; *see also Mawla, et al. v. Sharkninja Operating, LLC*, Case 3:21-cv-05202-JD; *see also Moberly v. Sharkninja Operating LLC, et al.*, Case 2:22-cv-14259-AMC; *see also Gallo, et al., v. BJ'S WHOLESALE CLUB, INC., et al.*, Case 1:20-cv-22907-CMA.

106. SHARKNINJA OPERATING LLC had a duty to provide reasonable warnings of dangers involved in the use of the subject blender, and failed to provide the public, including LORENZO, notice of the danger involved.

107. As a direct and proximate result of SHARKNINJA OPERATING LLC's failure to warn of the dangers of the subject blender, LORENZO was unable to protect herself or otherwise avoid injury when her incident occurred.

108. As a direct and proximate result of the foregoing, LORENZO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitative expenses, and inconvenience. The losses are permanent and continuing in nature and LORENZO will suffer these losses in the future.

WHEREFORE, Plaintiff, RACHEL LORENZO demands judgment against Defendant, SHARKNINJA OPERATING LLC, for compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), plus costs, and demand trial by jury of all issues triable as of right by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff, RACHEL LORENZO, demands trial by jury on all issues so triable.

**Dated:** September 8, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
*Attorneys for LORENZO*

## AFFIDAVIT OF SERVICE

**IN THE CIRCUIT COURT OF**
**Miami-Dade, COUNTY, FLORIDA**

**Case No. 2022-014612-CA-01**

Rachel Lorenzo,

        Plaintiff,

Vs.

SharkNinja Management LLC,

        Defendant,

I, Kevin R. Leary, being duly sworn, depose and say that on September 6, 2022 at or about 11:30AM, I did serve Michael Masala, in hand with:

*SUMMONS 20 DAY CORPORATE SERVICE; CIVIL COVER SHEET; COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY; PLAINTIFF'S NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF DEFENDANT; SHARKNINJA MANAGEMENT LLC, PURSUANT TO RULE 1.310(B)(6) FLORIDA RULES OF CIVIL PROCEDURE; PLAINTIFF'S FIRST REQUEST TO PRODUCTION TO DEFENDANT; SHARKNINJA MANAGEMENT LLC AND PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, SHARKNINJA MANAGEMENT LLC.*

Said service was made at: Sharkninja Management LLC, 89 A Street in the Needham District of Norfolk County, Massachusetts.

I do hereby certify and affirm that I have no interest in the above action, that I am over eighteen, and am a professional process server with over 35 years of experience in the service of civil process.

Date of Service: **September 6, 2022**

Kevin R. Leary, Server
Disinterested person

Harold March, Notary Public

My Commission Expires on: 4/22/27

Leary & Associates
*Constables and Process Servers*
PO Box 615
Dedham, MA 02027
(781) 326-0220